UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| EDWARD MENZENBACH and MARKUS L. MENZENBACH, <br><br> Plaintiffs, <br><br> v <br><br> MAUSER USA, LLC, ABC CORP(S), (1-10) (fictitious entities) and JOHN/JANE DOE(S) (1-10) (fictitious persons), <br><br> Defendants. | Civil Action No. 2:17-cv-07878-SDW-SCM <br><br><br> **JOINT DISCOVERY PLAN** |

**For Plaintiffs:**    Gary Ahladianakis, Esq.
            CARLUCCIO, LEONE, DIMON, DOYLE & SACKS, LLC
            9 Robbins Street
            Toms River, NJ 08753
            (732) 797-1600

            Jacob Davidson, Esq.
            FALK & FLOTTERON, P.C.
            241 Main Street, Ste. 101
            Woodbridge, NJ 07095
            (732) 877-1500

**For Defendant:**   John F. Tratnyek, Esq.
            JACKSON LEWIS P.C.
            220 Headquarters Plaza
            East Tower, 7th Floor
            Morristown, New Jersey 07960-6834
            (973) 538-6890

1.   Set forth a brief description of the case, including the causes of action and defenses asserted.

**Plaintiff Edward Menzenbach alleges he was wrongfully terminated in violation of the New Jersey Law Against Discrimination because of his age, 65. Plaintiffs Edward and Markus Menzanbach also allege they were retaliated against and wrongfully terminated after reporting safety issues in violation of the law, public policy and breach of contract.**

Defendant, Mauser USA, LLC, ("Defendant" or "Mauser"), denies Plaintiffs' allegations in their entirety. Specifically, Defendant denies that Plaintiff Edward Menzenbach was discriminated against because of his age. Further, Defendant denies that the termination of Plaintiffs' employment was unlawful, discriminatory or in breach of contract. .

Plaintiff Edward Menzenbach was 65 years old at the time of his termination on March 4, 2016. He was a Process Technician in the Maintenance Department earning $23.87 per hour.

Plaintiff Markus Menzenbach was hired on August 17, 2015 as a Maintenance Mechanic in the Maintenance Department and was earning $21.96 at the time of his termination on March 4, 2016.

Both Plaintiffs were terminated for making harassing and racially discriminatory comments to Jude Sainte-Juste in violation of Mauser's discrimination and harassment policy.

2. Have settlement discussions taken place? **No.**

    (a) What was plaintiff's last demand? $_____

        (1) Monetary demand: $_____
        (2) Non-monetary demand: _____

    (b) What was defendant's last offer?

        (1) Monetary offer: $_____
        (2) Non-monetary offer: _____

3. The parties [have __X__ have not _____] exchanged the information required by Fed. R. Civ. P. 26(a)(1). If not, state the reason therefor.

    **The parties will exchange initial disclosures by no later than the date of the initial conference.**

4. The parties **have not** conducted discovery other than the above disclosures. If so, describe.

5. Generally, dispositive Motions cannot be filed until the completion of discovery. Describe any Motions any party may seek to make prior to the completion of discovery. Include any jurisdictional Motion and Motions to Amend.

    **None at this time.**

2

6. Proposed joint discovery plan:

   (a) Discovery is needed on the following subjects: **Factual allegations and liability, Plaintiffs' damages, Plaintiffs' efforts at mitigation, Plaintiffs' medical and employment history, and any and all documents or information Plaintiffs may have to support their allegations. Defendant's defenses to Plaintiffs' claims.**

   (b) Discovery **should not** be conducted in phases or be limited to particular issues. Explain.

   (c) Proposed schedule:

   (1) The parties will serve a maximum of **25** interrogatories by each party to each other party.

   (2) Maximum of **5** depositions to be taken by each party. Defendant and Plaintiffs will confer and attempt to agree should more than five (5) depositions be required or should any deposition need to be extended beyond seven (7) hours or one (1) day.

   (3) Motions to amend or to add parties to be filed by **January 12, 2018**.

   (4) Factual discovery to be completed by **July 31, 2018**.

   (5) Plaintiffs' expert reports, if any, to be served by **September 15, 2018**.

   (6) Defendant's expert reports, if any, to be served by **October 31, 2018**.

   (7) Expert's discovery to be completed by **December 12, 2018**.

   (8) Dispositive motions to be filed **forty-five (45) days after completion of discovery**.

   (d) Set forth any special discovery mechanism or procedure requested, including data preservation orders or protective orders. **See #8 below.**

   (e) A pre-trial conference will take place on: _____

   (f) Trial date: _____ **(Jury Trial)**.

7. Do you anticipate any discovery problem(s) not listed above? **No.** Describe.

3

8. Do you anticipate any special discovery needs (i.e., videotape/telephone depositions, problems with out-of-state witnesses or documents, etc.)? **Yes.** If so, please explain.

   **Pursuant to L.Civ.R. 26(d), Defendant is hereby advised Plaintiffs seek discovery of all computer-based or other digital information, including e-mails, correspondence and any electronically stored information ("ESI"), within the possession, control or otherwise accessible by Defendant, as to the following categories of information:**

   **All documents, e-mails or ESI that was sent to or from any person, individual, or entity that in any way mentions, references or relates to Plaintiffs, Edward and Markus Menzenbach, and/or their work, performance, positions, termination or otherwise relate(s) to their former employment at Defendant, Mauser.**

   **Pursuant to Fed.R.Civ.P. 34, Plaintiffs request that Defendant's ESI be produced to the office of the undersigned Plaintiffs' counsel, in a reasonably usable form (i.e., PDF format), by organizing and labeling all ESI to correspond to each of the documents requests, as will be set forth in Plaintiffs' Request for Production of Documents.**

9. State whether this case is appropriate for voluntary arbitration (pursuant to Local Rule 201.1), mediation (pursuant to Local Civil Rule 301.1 or otherwise), appointment of a Special Master or other special procedure. If not, explain why and state whether any such procedure may be appropriate at a later time (i.e., after exchange of pre-trial disclosures, after completion of depositions, after disposition of dispositive motions, etc.).
   **Mediation would not be appropriate now but may be appropriate after disposition of dispositive motions.**

10. Is this case appropriate for bifurcation? **No.**

11. We **do not** consent to the trial or dispositive motions being conducted by a Magistrate Judge.

CARLUCCIO, LEONE, DIMON,
DOYLE & SACKS, LLC

_____
GARY AHLADIANAKIS, ESQ.
Attorney for Plaintiffs

Dated: December 4, 2017

JACKSON LEWIS P.C.

_____
JOHN F. TRATNYEK, ESQ.
Attorneys for Defendant

4812-8873-1479, v. 1

4